IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STACY BOURDEAU,

                Plaintiff,                      OPINION AND ORDER

v.

                                              16-cv-397-wmc

CREDIT ACCEPTANCE CORPORATION,
and DAUBERT LAW FIRM, LLC,

                Defendants.

Plaintiff Stacy Bourdeau filed this civil action in state court, asserting a plethora of claims, all of which rest on the allegation that defendants Credit Acceptance Corporation and its law firm garnished plaintiff's wages without filing a transcript of judgment in Minnesota in violation of Wis. Stat. § 806.24. Based on this omission, plaintiff claims defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq.*, and plaintiff's due process rights. Plaintiff also asserts claims for abuse of process under Wisconsin common law and for conversion under both Wisconsin and Minnesota common law. Finally, plaintiff seeks declaratory judgment and injunctive relief to address violations of the Commerce Clause and the Full Faith and Credit Clause of the United States Constitution. (Compl. (dkt. #1-2) ¶¶ 40-67.)

After defendants removed the lawsuit to federal court, plaintiff filed a motion for remand (dkt. #7), which the court will now grant for reasons set forth below. Because there are good grounds to award plaintiff her fees and costs for having to bring this motion, the court will also set a briefing schedule to determine both.

BACKGROUND[1]

This is not the first time Bourdeau has filed suit against these same defendants challenging the same underlying action. Indeed, this court previously dismissed a similar complaint filed by Bourdeau as barred by the *Rooker-Feldman* doctrine.[2] *Bourdeau v. Credit Acceptance Corp.*, No. 14-cv-144 (W.D. Wis. Mar. 12, 2015 (dkt. #28); *see also Kobilka v. Cottonwood Financial Wisconsin, LLC, et al.*, 14-cv-268 (W.D. Wis. Mar. 12, 2015) (dkt. #16) (companion case explaining the reasoning for dismissal in greater detail).

Following this court's ruling in Case No. 14-cv-144, Bourdeau filed this new complaint in state court asserting the same claims as before and adding two new claims for declaratory judgment and injunctive relief for violations of the Commerce Clause and Full Faith and Credit Clause. In an odd reversal of roles, the defendants removed her claims supposedly based on this court's federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff promptly moved to remand to state court under the *Rooker-Feldman* doctrine. (Dkt. #10.) In response, defendants argue that because the newly-added claims are *not* "inextricably intertwined" with defendants' state court garnishment action, the court has subject matter jurisdiction over at least those claims.

---

[1] Rather than set forth the allegations again, the court simply directs the parties to the allegations described in the court's opinion and order in the 2014 case. What follows in text is a brief background for context.

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

OPINION

Critical to deciding the present motion, plaintiff's claims are again premised on her theory that defendants failed to file a transcript of judgment in Minnesota purportedly in violation of Wis. Stat. § 806.24 before garnishing her wages. (Compl. (dkt. #1-2) ¶¶ 47-48.) Still, defendants press in their opposition to the motion to remand that her claims under the so-called "Dormant" Commerce and the Full Faith and Credit Clauses of the Constitution challenge the defendants' actions against *"any Wisconsin resident that are earned and payable outside of the state,"* and as such, are *"for alleged actions that are not related to the Judgment against her, but that were supposedly incurred by other Wisconsin residents who may have had out-of-state wages garnished by Defendants."* (Defs.' Opp'n (dkt. #18) 5-6.)

The court is not convinced. Even if these new claims extend beyond plaintiff and touch on defendants' garnishment actions against other individuals, the claims nonetheless would require this court to review the state court's garnishment of *Bourdeau's* wages. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that *Rooker-Feldman* doctrine applies generally to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Harold v. Steele*, 773 F.3d 884, 885 (7th Cir. 2014) ("the state court judgment is the source of the injury of which plaintiffs complain in federal court," challenge to state court garnishment order not reviewable for alleged violation of federal Fair Debt Collection Practices Act as barred by *Rooker-Feldman*). Indeed, in order for

Bourdeau to have standing to present her challenge under the Dormant Clause and Full Faith and Credit Clause, the claims necessarily must concern *her* injury.

For all of the reasons previously explained by this court in prior orders, therefore, Bourdeau's avenue of relief lies in state court, not in a federal court action challenging defendants' request for a garnishment notice or the state court's action of issuing the requisite forms listing an out-of-state employer.  Because the court lacks subject matter jurisdiction over this action, it must grant plaintiff's motion to remand.

In addition to seeking remand, plaintiff requests fees and costs incurred in having to seek remand.  (Pl.'s Mot. (dkt. #8) 4.)  Section 1447(c) allows an award of "just costs and any actual expenses, including attorney fees, incurred, as a result of the removal."  28 U.S.C. § 1447(c) (emphasis added).  A district court may award fees and costs under this provision, however, only where the removing party lacked an objectively reasonable basis for seeking removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  In *Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007), the Seventh Circuit elaborated on this standard:

> As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorney's fees.  By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorney's fees.

*Id.* at 793.

In their opposition, defendants contend that the removal of this action was not contrary to clearly established law, perversely citing *Rooker-Feldman* under the misapprehension that this court could exercise subject matter jurisdiction long enough to

deice the two new claims and then dismiss the remainder under *Rooker-Feldman*. Regardless, defendants fail to cite *any* case law in support of their argument that a claim seeking relief beyond the individual plaintiff somehow brings her claim outside of the *Rooker-Feldman* doctrine. While application of the doctrine may be nuanced under certain circumstances, the limits of federal court jurisdiction under the doctrine are clearly established and were at the time defendants removed this case. As such, the court agrees with plaintiff that an award of attorneys' fees and costs under § 1447(c) is warranted.

Because plaintiff failed to demand a specific sum or submit proof of her actual fees and costs in bringing the motion to remand, plaintiff may have until December 27, 2016, to file proof of her expenses, including attorney's expenses, actually incurred as a result of removal. Defendants may have until January 10, 2017, to respond, but if they challenge either the hours spent or the hourly rate claimed, they must attach their actual invoice(s) for the same work, as well as any underlying records supporting the invoice(s) maintained by the law firm.

ORDER

IT IS ORDERED that:

1) Plaintiff Stacey Bourdeau's motion to remand (dkt. #7) is GRANTED.

2) Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c) is due on or before December 27, 2016; defendants' response, if any, is due January 10, 2107.

5

3) The clerk of court is directed to remand this case to the Circuit Court for Douglas County, Wisconsin.

Entered this 13th day of December, 2016.

>BY THE COURT:
>
>/s/
>
>_____
>WILLIAM M. CONLEY
>District Judge